1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

KEVIN KARPE,

Case No. 18-cv-2521 DMS (NLS)

11

Plaintiff,

**ORDER DENYING MOTION TO DISMISS**

12

v.

13

ELAINE CHAO, Secretary of
Transportation, and DEPARTMENT

14

OF TRANSPORTATION (FAA),
Agency,

15

16

Defendants.

17

18      Pending before the Court is Defendants Elaine Chao and United States

19   Department of Transportation, Federal Aviation Administration's motion to dismiss

20   Plaintiff Kevin Karpe's complaint.  Plaintiff filed an opposition, and Defendants

21   filed a reply.  For the reasons set forth below, Defendants' motion is denied.

22                                    **I.**

23                               **BACKGROUND**

24      Plaintiff Kevin Karpe worked as an air traffic controller for the Federal

25   Aviation Administration ("FAA") for 31 years and is now retired.  (Compl. ¶ 17.)

26   Plaintiff served in various positions during his tenure with the FAA, including his

27   most recent positions as Operations Supervisor and Air Traffic Manager.  (Compl.

28   ¶ 20.)  Plaintiff was informed that these two positions were "Good Time" positions,

1   and thus qualified for credits toward early retirement.  (Compl. ¶¶ 5, 20–21.)  The

2   more good time credits an employee earns, the earlier he or she can retire.  (Compl.

3   ¶ 5.)  Approximately two years prior to his retirement, Plaintiff discovered that these

4   positions did not qualify for good time credits, notwithstanding the FAA's

5   representations.  (Compl. ¶¶ 22–23.)  As a result, Plaintiff was unable to retire early

6   and instead worked until age 56, the mandatory retirement age.  (Compl. ¶¶ 13–14.)

7          Plaintiff appealed the FAA's determination to deny his good time benefits.

8   (Compl. ¶ 24.)  After losing his appeal, Plaintiff filed an EEOC complaint against

9   the FAA, alleging the FAA's misapplication and misrepresentation of its retirement

10  benefits policy discriminates based on age.  (Compl. ¶ 25; Def.'s Ex. 1 (Pl.'s EEOC

11  Complaint)[1].)   The EEOC denied Plaintiff's administrative claim, following its

12  investigation of the claim.  (Compl. ¶ 26.)  Plaintiff thereafter filed the present action

13  alleging the FAA's misrepresentation of its retirement benefits policy constitutes age

14  discrimination in violation of the Age Discrimination in Employment Act

15  ("ADEA"), 29 U.S.C. § 633a.  Specifically, Plaintiff asserts a disparate impact

16  claim, alleging that air traffic controllers over the age of 40 are disproportionately

17  impacted by the FAA's misrepresentations regarding good time positions.  (Compl.

18  ¶ 35) ("[T]he agency's administration of its early retirement or Good Time

19  retirement benefits program had a significant adverse disparate impact on plaintiff

20  and other qualified employees over the age of 40 in violation of the ADEA."))

21         Defendants contend this action should be dismissed because (1) disparate

22  impact claims under the ADEA are unavailable against the federal government as

23  Congress did not waive sovereign immunity for such claims, (2) Plaintiff failed to

24  provide administrative notice of his disparate impact claim, and (3) Plaintiff failed

25  ───────────────

26  [1] "Ordinarily, a court may look only at the face of the complaint to decide a motion
    to dismiss." *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir.

27  2002).  However, under the doctrine of incorporation by reference, the court may
    consider documents that are necessarily relied on by the complaint and whose

28  authenticity is not contested.  *Id.*

1  to adequately plead a disparate impact claim. These arguments raise both

2  jurisdictional and pleading challenges. They are addressed in turn.

## II.

## LEGAL STANDARD

### A.   Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377.

### B.   Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

/ / /

# III.

## DISCUSSION

## A.    Disparate Impact Claims Against Federal Employers

Absent a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over claims against the United States. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). Congressional waiver of sovereign immunity may not be inferred, implied or assumed, and courts must resolve any perceived ambiguity regarding waiver of immunity in the sovereign's favor. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992) ("[T]he Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires.").

Congress enacted the ADEA in 1967 to prohibit private-sector employers from discriminating based on age. *Nowd v. Rubin,* 76 F.3d 25, 26 (1st Cir. 1996). The "private-sector" provision is codified at 29 U.S.C. § 623(a), and was later amended to include state and local governments. It provides, in part, that it "shall be unlawful for an employer—(1) to … discriminate against any individual … because of such individual's age; [and] (2) to limit, segregate, or classify his employees in any way which would … adversely affect his status as an employee, because of such individual's age[.]" 29 U.S.C. § 623(a)(1), (2). Section 623(a) prohibits age discrimination based on disparate treatment, *id.* § 623(a)(1), and disparate impact. *Id.* § 623(a)(2). *See Smith v. City of Jackson*, 544 U.S. 228 (2005) (holding that a disparate impact claim may be brought against private, state and municipal employers under § 623(a)(2)).

Seven years after enactment of the private-sector provision, Congress enacted "a distinct statutory scheme applicable only to the federal sector[,]" *Lehman v. Nakshian*, 453 U.S. 156, 166 (1981), in which it prohibited age discrimination by federal employers. That statutory scheme—referred to as the "federal-sector" provision—is codified at 29 U.S.C. § 633a. It provides that "[a]ll personnel actions

18-cv-2521 DMS (NLS)

affecting employees … who are at least 40 years of age … shall be made free from any discrimination based on age." 29 U.S.C § 633a(a). Further, subsection (c) of § 633a "unequivocally waives sovereign immunity for a claim brought by … [any person] to remedy a violation of § 633a(a).'" *Gomez-Perez v. Potter,* 553 U.S. 474, 491 (2008); s*ee* 29 U.S.C. § 633a(c) ("Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of the chapter."). Defendants do not dispute that subsection (a) of § 633a prohibits disparate treatment age discrimination. The only question in the present case is whether disparate *impact* age discrimination is prohibited by § 633a(a).

The Ninth Circuit has long entertained disparate impact claims against the federal government, but it has done so without expressly addressing § 633a and sovereign immunity. *See Palmer v. United States,* 794 F.2d 534 (9th Cir. 1986). There, the court explained that "[a] plaintiff alleging discrimination under the ADEA [against the federal government] may proceed under either of two theories: disparate treatment or disparate impact." *Id.* at 536. "Under the disparate treatment theory the employee must show discriminatory motive by the employer." *Id.* However, "[d]iscriminatory motive need not be shown under the disparate impact theory." *Id.* The disparate impact theory focuses on the effects of the employer's action on the employee rather than the motivation for the action. Ultimately, the court in *Palmer* considered the ADEA claim brought against the United States and affirmed dismissal of the claim because the plaintiff failed to prove discriminatory impact. *Id.* at 539; s*ee also Adam v. Kempthorne*, 292 Fed. Appx. 646, 651–52 (9th Cir. 2008) (unpublished) (setting standard for establishing prima facie disparate impact claim against federal employer); *Lujan v. Walters,* 813 F.2d 1051 (10th Cir. 1987) (addressing disparate impact claim under the ADEA against federal agency).

There is a split among district courts that have addressed whether § 633a waives sovereign immunity for disparate impact claims. *See, e.g*., *Lagerstrom v.*

*Mineta*, 408 F. Supp. 2d 1207 (D. Kan. 2006) (holding the federal-sector provision is self-contained and protects federal employees from any age discrimination, intentional or unintentional, and therefore encompasses plaintiff's disparate impact claim); *K.H. v. Secretary of The Department of Homeland Security*, No. 15-2740, 2015 WL 7251952, at *5 (N.D. Cal. Nov. 16, 2015) (similar); *Breen v. Peters,* 474 F. Supp. 2d 1 (D.D.C. 2007) (similar); *Lumpkin v. Brown,* 898 F. Supp. 1263 (N.D. Ill. 1995) (similar). *But see Anderson v. Duncan*, 20 F. Supp. 3d 42, 58 (D.D.C. 2013) (holding the federal-sector provision does not permit disparate impact claims against the United States); *Allard v. Holder*, 840 F. Supp. 2d 269, 279 (D.D.C. 2012) (similar); *Silver v. Leavitt*, No. 05–0968, 2006 WL 626928 at *13 (D.D.C. Mar. 13, 2006) (similar). This Court agrees with the holdings of *Lagerstrom*, *K.H.*, *Breen* and *Lumpkin*.[2] The text of § 633a, specifically subsections (a), (c) and (f), provides the answer to whether a disparate impact claim may be brought against a federal employer under the ADEA.

Subsection (a) of § 633a is a broad, unencumbered and inclusive prohibition of age discrimination—"all" personnel actions affecting employees must be made without "any" discrimination based on age. 29 U.S.C. § 633a(a). The Supreme Court has emphasized the wide-sweep of the provision. Subsection (a) is a "broad prohibition of 'discrimination,' rather than a list of specific prohibited practices." *Gomez-Perez,* 553 U.S. at 486–87 (stating "[i]n the private-sector provision, Congress set out a specific list of forbidden employer practices"). The Court noted that Congress "decided not to pattern" the federal-sector provision after the private-sector provision, "but instead to enact a broad, general ban on 'discrimination based on age[.]" *Id.* at 488. Simply put, Congress elected not to enumerate forbidden age-

---

[2] Other district courts have also entertained disparate impact claims against federal employers under the ADEA, but without analysis of the jurisdictional issue. *See, e.g.*, *Rucker v. Vilsack*, No. 08-6150, 2009 WL 1422580 (D. Or. May 19, 2009); *Sanders v. Potter*, No. 06-1288, 2009 WL 57540 (W.D. Wash. Jan. 8, 2009).

18-cv-2521 DMS (NLS)

based practices in the federal-sector provision, nor to parse between permitted and unpermitted theories of liability for age discrimination such as disparate treatment and disparate impact, but instead to broadly ban "any" form of age discrimination arising from "all" personnel actions that affect such employees. *See Breen*, 74 F. Supp. 2d at 6 ("[D]efendants do not explain how the language of § 633a(a), which does not mention disparate treatment, disparate impact, motive or intent, expressly waives immunity as to disparate treatment claims while reserving it for disparate impact claims."). The theories of disparate treatment and disparate impact are simply different ways to prove the forbidden practice of age discrimination. Because subsection (a) generally bans age discrimination, it necessarily encompasses the two theories of liability. "The term 'discrimination' does not refer to one method of analysis over another, instead, it is the destination for two different pathways of proof." *Lagerstrom,* 408 F. Supp. 2d at 1212.

In addition to § 633a(a)'s "all" and "any" language, the subsection sweeps in "personnel actions affecting employees[,]" without limiting the type of prohibited action (intentional or unintentional) or its impact—*e.g*., failing or refusing to hire an individual, discharging an individual, depriving an individual of employment opportunities, or adversely affecting his or her status as an employee. The language broadly includes *all* personnel actions that *affect* an employee. In *City of Jackson*, the Supreme Court noted that where the text of a statute "focuses on the *effects* of the action on the employee rather than the motivation for the action of the employer[,] … it strongly suggests that a disparate-impact theory should be cognizable[.]" 544 U.S. at 236 (original emphasis). So it is here.

Given the breadth of § 633a(a), the Supreme Court in *Gomez-Perez* found that a federal employee who is a victim of retaliation due to complaining about perceived age discrimination may assert a retaliation claim under the federal-sector provision. 533 U.S. at 479. In doing so, the Court rejected the argument that subsection (a) must be "construed strictly" in the manner required of a provision purporting to

waive sovereign immunity. Because the waiver of sovereign immunity is unequivocally expressed in subsection (c) of § 633a, subsection (a) of § 633a need not "surmount the same high hurdle as § 633a(c)." *Id.* at 491 (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003) ("Where one statutory provision unequivocally provides for a waiver of sovereign immunity to enforce a separate statutory provision, that latter provision 'need not … be construed in the manner appropriate to waivers of sovereign immunity[.]'")). To be clear, subsection (a) of § 633a "is not a waiver of sovereign immunity; it is a substantive provision outlawing 'discrimination.'" *Id.*

And determining whether employer-related conduct is barred by § 633a(a) is done *without* resort to the private-sector provision. *Gomez-Perez*, 553 U.S. at 488–89. The respondent in *Gomez-Perez* argued that recognizing federal-sector retaliation claims under § 633a(a) would be tantamount to making private-sector retaliation claims—expressly provided for in § 623(d)[3]—applicable to federal-sector employers and would thus contravene § 633a(f)'s directive that federal personnel actions covered by § 633a are not subject to any other section of the ADEA (with a few exceptions not relevant here). *See* 553 U.S. at 488-89; 29 U.S.C. § 633(f) (providing that personnel actions covered by § 633a(a) "shall not be subjected to, or affected by, any provision of this chapter[.]"). The Court rejected respondent's argument as "unsound" because its holding that the ADEA prohibits retaliation against federal-sector employees is "not in any way based on § 623(d)." 553 U.S. at 489. Rather, the Court's holding that the ADEA prohibits retaliation against federal-sector employees "is based squarely on § 633a(a) itself, 'unaffected by other sections' of the ADEA." *Id.* at 489 (quoting *Lehman,* 453 U.S. at 168).

---

[3] 29 U.S.C. § 623(d) states: "It shall be unlawful for an employer to discriminate against any of his employees … because such individual … has opposed any practice made unlawful by this section, or because such individual … has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

By its terms, § 633a "is the exclusive prohibition against age discrimination within the federal government[.]" *Lumpkin,* 898 F. Supp. at 1271 (citing 29 U.S.C. § 633a(f)).  Section 633a is "self-contained" and "complete in itself[.]" *Lehman,* 453 U.S. at 168 (citing 29 U.S.C. § 633a(f) and legislative history).  Federal personnel actions covered by § 633a are therefore "unaffected by other sections [of the ADEA], including those governing procedures applicable in actions against private employers[.]"  *Id.* (holding that federal employees suing the government under the ADEA do not have a right to jury trial, even though private-sector employees suing under the ADEA do).  Accordingly, this Court's conclusion that the federal-sector provision permits disparate impact claims is based squarely on § 633a(a) itself, unaffected by other sections of the ADEA.[4]

---

[4] The district court in *Anderson*, 20 F. Supp. 2d at 42, 62–64, expressed concern that if § 633a(a) is interpreted to authorize a disparate impact claim, § 633a(f) would take away from federal employers the "reasonable factors other than age (RFOA) defense" that is expressly made available to private employers in § 623(f) (providing that it is not unlawful for a private employer to take action otherwise prohibited by § 623(a) "where the differentiation is based on reasonable factors other than age ….").  Whether § 633a(f) has the effect of removing the RFOA defense is not before this Court and need not be decided on the present motion.  Rather, the Supreme Court in *Gomez-Perez*, 553 U.S. at 489, has directed that the determination whether conduct by a federal employer is prohibited by the ADEA is to be made squarely under § 633a(a), without regard to any other section of the ADEA.  Thus, this Court's determination that Plaintiff may pursue a disparate impact claim is not based in any way on § 623(f); it is based squarely on § 633a(a), unaffected by any other section of the ADEA.  *See id.* at 488–89.  In addition, in declining to find a waiver of sovereign immunity for federal-sector disparate impact claims under the ADEA, the *Anderson* court was heavily influenced by *City of Jackson*, 544 U.S. at 228.  *See Anderson,* 20 F. Supp. 2d at 58 n.14, 61–64.  In *City of Jackson,* the Court noted that the RFOA defense "play[ed] its principal role by precluding liability" in disparate impact cases and thus, the "RFOA provision [in the private-sector provision] actually supports" the argument that a disparate impact claim is authorized by § 623(a)(2). 544 U.S. at 239.  However, *City of Jackson* is of limited precedential value because the foregoing textual analysis is confined to the *private-sector* provision.  The federal-sector provision contains distinct language and is a stand-alone statutory scheme "unaffected by other sections" of the ADEA.  *See Lehman*, 453 U.S. at 166.

The plain language of § 633a(a) bars age discrimination by federal employers whether resulting from intentional or unintentional personnel actions.  Because § 633a(c) unequivocally waives sovereign immunity for conduct prohibited by § 633a(a), Plaintiff may bring a disparate impact claim.  Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore denied on this ground.

**B.  Administrative Notice of a Disparate Impact Claim**

Next, Defendants argue the Court lacks subject matter jurisdiction because Plaintiff failed to provide notice of his disparate impact claim in his EEOC complaint.  As Defendants point out, an employee has two options to seek judicial redress under the ADEA.  In the first option, the employee must give the EEOC "notice of the alleged discriminatory act within 180 days" and "notice of his intent to sue at least thirty days before commencing suit in a federal court."  *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (citing 29 U.S.C. §§ 633a(c), (d)).  "In the second option, an employee invokes the EEOC's administrative claims process, and then may appeal any loss therein to the federal court."  *Id*.  If the employee goes through the second administrative process, he or she must "notify the EEO counselor within forty-five days of the alleged discriminatory conduct."  *Id.* (citing 29 C.F.R. § 1614.105(a)(1)).

Defendants do not dispute the timeliness of Plaintiff's EEOC complaint. Instead, they argue that Plaintiff failed to provide the EEOC with proper notice because his administrative complaint did not specifically assert a disparate impact claim.  Defendants fail to provide any support for the assertion that an employee must articulate the specific legal theory in his or her EEOC complaint to obtain judicial redress.  In fact, case law suggests the contrary.  *See, e.g.*, *B.K.B. v. Maui Police Dept*., 276 F.3d 1091, 1100 (9th Cir. 2002) ("Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (citations and internal

quotations omitted). Moreover, the language of the statute provides the employee must give the EEOC notice of the alleged "unlawful practice," 29 U.S.C. § 633a(d), and the language of *Whitman* indicates the employee must provide notice of the alleged "discriminatory act" or "discriminatory conduct." 541 F.3d at 932. The allegations in Plaintiff's EEOC complaint are based on the same purported discriminatory conduct asserted in his federal complaint. The Court, mindful of its obligation to construe the language of the EEOC charges "with utmost liberality," concludes Plaintiff provided sufficient notice of his claim to the EEOC. *See B.K.B.*, 276 F.3d at 1100 (9th Cir. 2002). Defendants' motion to dismiss is denied on this ground.

## C.      Sufficiency of Pleading

Lastly, Defendants contend Plaintiff's case should be dismissed for failure to adequately plead a disparate impact claim. To state a prima facie case under a disparate impact theory, a plaintiff must demonstrate "(1) the occurrence of certain outwardly neutral employment practices, and (2) a significantly adverse or disproportionate impact on persons of a particular age produced by the employer's facially neutral acts or practices." *Katz v. Regents of the University of California*, 229 F.3d 831, 835 (9th Cir. 2000) (citing *Palmer*, 794 F.2d at 538).

Defendants argue Plaintiff fails to state a claim because he does not provide "statistically significant analysis of alleged disparities across the agency." (Def.'s Mem. of P. & A. in Supp. of Mot. at 14–15.) Plaintiff alleges he cannot provide statistical evidence at this stage of the proceedings without the benefit of discovery. (Compl. ¶ 36.) Indeed, Plaintiff is "not required at the pleading stage to produce statistical evidence proving a disparate impact [because] ... all that is required is fair notice of the claims and the grounds upon which they rest, sufficient to raise a right to relief above the speculative level." *See Garcia v. Country Wide Financial Corp.*, No. 07-1161, 2008 WL 7842104, at *6 (C.D. Cal. Jan. 17, 2008) (citing *Twombly*, 127 S.Ct. at 1964–65); *see also Swierkeiwicz v. Sorema*, 534 U.S. 506, 514–15

1 (2002) (finding there is no heightened pleading standard to state a discrimination
2 claim).

3     Defendants also assert that Plaintiff has failed to sufficiently establish how the
4 retirement policy causes disproportionate impact on workers over forty.  However,
5 Plaintiff alleges that air traffic controllers only discover the misrepresentations
6 regarding good time credits within five years of their retirement.  (Compl. ¶ 13
7 ("[T]he agency has made no effort to educate its workforce on this policy despite
8 knowing that the air traffic controllers … will not find out that a particular position
9 is not creditable towards early retirement until the eve of retirement when it is too
10 late to make up for this lost time.  [They] are only allowed to request retirement
11 benefits calculations within five years of retirement.")).  Because the FAA imposes
12 a mandatory retirement age of 56 for air traffic controllers, these employees find out
13 about the revocation of their retirement benefits just before retirement when they are
14 "well over the age of 40."  (Compl. ¶¶ 13–14, 28.)  Based on these alleged facts,
15 Plaintiff claims that the "agency's administration of its early retirement … program
16 had a significant adverse disparate impact on plaintiff and other qualified employees
17 over the age of 40" in violation of the ADEA.  (Compl. ¶ 35.)  Construing all
18 inferences in favor of Plaintiff, as it must at this stage of the proceedings, the Court
19 finds that Plaintiff has sufficiently alleged a disparate impact claim against
20 Defendants.  Defendants' motion to dismiss for failure to state a claim is denied.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated:  June 27, 2019

Hon. Dana M. Sabraw
United States District Judge

18-cv-2521 DMS (NLS)