UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KARPE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ELAINE CHAO, Secretary of Transportation, and DEPARTMENT OF TRANSPORTATION (FAA), Agency,<br><br>　　　　　　　　　Defendants. | Case No.: 18-cv-2521 DMS (NLS)<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS** |

Pending before the Court is Defendants Elaine Chao and United States Department of Transportation, Federal Aviation Administration's motion for judgment on the pleadings and motion to dismiss Plaintiff Kevin Karpe's Complaint. Plaintiff filed an opposition, and Defendants filed a reply. For the reasons set forth below, Defendants' motions are denied.

**I.**

**BACKGROUND**

Plaintiff Kevin Karpe worked as an air traffic controller for the Federal Aviation Administration ("FAA") for 31 years and is now retired. (Compl. ¶ 17). Plaintiff served in various positions during his tenure with the FAA, including his most recent positions

1

as Operations Supervisor and Air Traffic Manager. (Compl. ¶ 20). Plaintiff was informed that these two positions were "Good Time" positions, and thus qualified for credits toward early retirement. (Compl. ¶¶ 5, 20–21). The more good time credits an employee earns, the earlier he or she can retire. (Compl. ¶ 5). Approximately two years before his retirement, Plaintiff discovered that these positions did not qualify for good time credits, notwithstanding the FAA's representations. (Compl. ¶¶ 22–23). As a result, Plaintiff was unable to retire early and instead worked until age 56, the mandatory retirement age. (Compl. ¶¶ 13–14).

Plaintiff appealed the FAA's determination to deny his good time benefits. (Compl. ¶ 24). After losing his appeal, Plaintiff filed an EEOC complaint against the FAA, alleging the FAA's misapplication and misrepresentation of its retirement benefits policy discriminates based on age. (Compl. ¶ 25; Defs.' Ex. 1 (Pl.'s EEOC Complaint)[1]). The EEOC denied Plaintiff's administrative claim, following its investigation of the claim. (Compl. ¶ 26). Plaintiff thereafter filed the present action alleging the FAA's misrepresentation of its retirement benefits policy constitutes age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. Specifically, Plaintiff asserts a disparate impact claim, alleging that air traffic controllers over the age of 40 are disproportionately impacted by the FAA's misrepresentations regarding good time positions. (Compl. ¶ 35) ("[T]he agency's administration of its early retirement or Good Time retirement benefits program had a significant adverse disparate impact on plaintiff and other qualified employees over the age of 40 in violation of the ADEA.").

---

[1] "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, under the doctrine of incorporation by reference, the court may consider documents that are necessarily relied on by the complaint and whose authenticity is not contested. *Id.*

Defendants first moved to dismiss Plaintiff's complaint on April 2, 2019, arguing (1) disparate impact claims under the ADEA are unavailable against the federal government because Congress did not waive sovereign immunity for such claims, (2) Plaintiff failed to provide administrative notice of his disparate impact claim, and (3) Plaintiff failed to adequately plead a disparate impact claim. (ECF No. 8). On June 27, 2019, the Court denied Defendant's motion to dismiss for lack of jurisdiction and for failure to state claim. (ECF No. 12, "Order Denying Mot. to Dis."). On July 11, 2019, Defendants filed an answer to the complaint. (ECF No. 13). On September 13, 2019, Defendants filed the present motion for judgment on the pleadings and motion to dismiss for lack of jurisdiction. (ECF No. 17., "Mot. for Dis. and Judg.").

## II.

## LEGAL STANDARD

### A. Rule 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999)).

Motions made pursuant to rule 12(c) are subject to the same standard of review as those made under Rule 12(b). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." *Id.* A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true,

as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

**B. Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may raise the defense of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

### III.

### DISCUSSION

Here, Defendants assert they are entitled to judgment as a matter of law because Plaintiff fails to adequately plead an ADEA disparate impact claim. Further, Defendants assert the Court lacks subject matter jurisdiction because Plaintiff's claim actually arises out of the tort of misrepresentation or breach of implied contract despite Plaintiff's "characterization" of his claim as a disparate impact claim under the ADEA.

**A. 12(c) Motion for Judgment on the Pleadings**

To state a prima facie disparate impact claim the plaintiff must demonstrate "(1) the occurrence of certain outwardly neutral employment practices, and (2) a significantly adverse or disproportionate impact on persons of a particular age produced by the employer's facially neutral acts or practices." *Katz v. Regents of the University of California*, 229 F.3d 831, 835 (9th Cir. 2000) (citing *Palmer v. United States*, 794 F.2d 534, 538 (9th Cir. 1986)). "Discriminatory motive need not be shown under the disparate impact theory." *Palmer*, 794 F.2d at 536.

Defendants made a similar argument when they moved to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6). At that time, Defendants alleged Plaintiff did not sufficiently plead his disparate impact claim because he (1) did not provide statistical evidence showing disparities across the agency; and (2) failed to sufficiently establish how the retirement policy caused a disproportionate impact on workers over the age of forty. The Court disagreed, finding Plaintiff had sufficiently alleged a disparate impact claim. (Order Denying Mot. to Dis., 11–12).

Now, Defendants allege Plaintiff fails to plead as a matter of law how Defendants' retirement policy has a disparate impact on people over 40 years old. Defendants contend Plaintiff's "only allegation connecting the allegedly misleading 'Good Time' policy to age is that the error is not discovered until a person is near their retirement (i.e., over 40 years old)." (Mot. for Dis. and Judg., 6). According to Defendants, "discovery of an injury is not another injury" and the only injury is the original misrepresentation about the eligibility for "Good Time" positions, which occurs before employees turn 40 years old. (*Id.*). Defendants also argue employees are not disproportionately harmed over age 40 because "the employee is impacted at the time they are performing the misclassified work." (*Id.*).

Plaintiff, however, alleges not only that air traffic controllers discover the misrepresentations within five years of their mandatory retirement age of 56, (Compl. ¶¶ 13–14, 28), but also "a series of continual unlawful acts that [Plaintiff] and all other retiring employees have no idea about until the eve of retirement." (Opp., 5). Plaintiff claims Defendants misled employees by falsely advertising positions as "Good Time" eligible, failing to advise employees the positions are not "Good Time" eligible, and waiting to notify employees that they are not eligible for early retirement until they are near retirement age. (*Id.*). Plaintiff alleges Rebecca Baier, the agency's Manager of the Benefits Operation Center, "testified that the current policy, as implemented, fails to properly advise FAA air traffic controllers as to whether a temporary position qualifies or does not qualify for early retirement benefits." (Compl. ¶ 30). Ms. Baier "admitted that the information relied on by the agency in determining whether a position is a covered Good Time position is not made

5

available to air traffic controllers *even* after they have questioned the agency's retirement benefits calculations[,]" (*id.*) (original emphasis), and that "nothing had been done to correct Good Time calculation errors despite the agency's knowledge of them." (*Id.*). These allegations, accepted as true at this stage of the proceedings, sufficiently state a prima facie disparate impact claim. Defendants' motion for judgment on the pleadings is therefore denied.

**B. Lack of Subject Matter Jurisdiction**

Defendants move to dismiss the case for lack of subject matter jurisdiction based on sovereign immunity. Defendants argue Plaintiff's Complaint actually states a claim—not under the ADEA—but for misrepresentation or breach of implied contract, and the Court lacks jurisdiction over those claims. (Mot. for Dis. and Judg., 8).

**A. "Misrepresentation" Claim**

Absent a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over claims against the United States. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). Congressional waiver of sovereign immunity may not be inferred, implied or assumed, and courts must resolve any perceived ambiguity regarding waiver of immunity in the sovereign's favor. *United States v. Nordic Village, Inc*., 503 U.S. 30, 34 (1992) ("[T]he Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires.")

Defendants contend Plaintiff's claim is barred under the exceptions to the waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA"). Congress has waived sovereign immunity for certain common law torts in the FTCA, but included exceptions to the waiver for claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). "If a plaintiff's tort claim falls within one of the exceptions, the district court lacks subject matter jurisdiction." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019). Thus, "if the

governmental conduct underlying a claim falls within an exception outlined in section 2680, the claim is barred, no matter how the tort is characterized." *Id.*

Although Defendants contend § 2680(h) applies to the present case, the applicable statute for Plaintiff's disparate impact claim is 29 U.S.C. § 633a(a). As the Court decided in its Order Denying Motion to Dismiss, a disparate impact claim may be brought under this section. (Order Denying Mot. to Dis., 10) ("The plain language of § 633a(a) bars age discrimination by federal employers whether resulting from intentional or unintentional personnel actions."). Further, the Court found § 633a(c) waives sovereign immunity for disparate impact claims. (*Id.* at 5–10) ("Because § 633a(c) unequivocally waives sovereign immunity for conduct prohibited by § 633a(a), Plaintiff may bring a disparate impact claim."). Thus, the FTCA's sovereign immunity exception under 28 U.S.C. § 2680(h) does not apply here.

Nonetheless, Defendants argue that when a claim "arises out of" a § 2680(h) tort, the court must look "beyond the labels used to determine whether a proposed claim is barred." (Mot. for Dis. and Judg., 8) (citing *Thomas-Lazear v. Federal Bureau of Investigations*, 851 F.2d 1202 (9th Cir. 1988)). In *Thomas-Lazear*, the Ninth Circuit found a claim was barred because the plaintiff's claim for negligent infliction of emotional distress was "nothing more than a restatement of the slander claim," which was barred by Section 2680(h). *Id.* at 1207. Defendants contend Plaintiff's claim should be barred under Section 2680(h) because it is actually a claim for the tort of misrepresentation, though Plaintiff attempts to characterize it as an ADEA claim. (Mot. for Dis. and Judg., 8).

Defendants distort Plaintiff's Complaint and ignore generally accepted rules of pleading. Plaintiff is not alleging a tort enumerated in the FTCA, so the claim does not "arise out of" § 2680(h). Rather, Plaintiff alleges a distinct claim under the ADEA for disparate impact age discrimination and thus, the basis of subject matter jurisdiction is wholly unrelated to the FTCA. Though the facts underlying Plaintiff's claim may lend themselves to a misrepresentation claim, Plaintiff elected not to allege such a claim nor did he attempt to camouflage one type of FTCA claim for another to avoid sovereign immunity.

Plaintiff is the master of his Complaint. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 ("Of course, the party who brings a suit is master to decide what law he will rely upon[.]"). Just as Plaintiff can choose whether to plead a claim under the FTCA, he can also choose to plead his claim under a distinct statutory provision. He has done so here. Plaintiff states a claim under the ADEA, which has its own exception to sovereign immunity. The FTCA's bar on certain claims under Section 2680(h) does not apply to Plaintiff's claim under the ADEA.

**B. "Implied Contract"**

Similarly, Defendants contend the Court lacks subject matter jurisdiction because Plaintiff's claim can be construed as one for breach of implied contract. The Tucker Act waives sovereign immunity for express or implied contract claims, but grants "exclusive jurisdiction to the Court of Federal Claims for actions 'sounding in contract' against the United States." *DaVinci Aircraft*, 926 F.3d at 1127–28 (citing 28 U.S.C. § 1491(a)(1)). Defendants contend Plaintiff's claim is in fact a claim for implied contract because Plaintiff relied on agency representations to his detriment. (Mot. for Dis. and Judg., 11). This argument is doomed for the same reasons that apply to Defendants' jurisdictional arguments under the FTCA. Plaintiff's disparate impact claim is brought under a distinct federal statute—the ADEA—which contains its own waiver of sovereign immunity.

In addition, the facts of this case have nothing to do with contract, implied or otherwise. The Tucker Act applies to contracts that are implied in fact, not to claims on contracts implied in law. *See Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996). "An agreement implied in fact is founded upon a meeting of the minds, which although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understandings." *Id.* (citing *Baltimore & Ohio R. Co. v. United States,* 261 U.S. 592, 597 (1923)). Plaintiff alleges Defendants misrepresented his position, so there was no meeting of the minds. Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore denied.

# IV.
# CONCLUSION

For the foregoing reasons, Defendants' motions are denied.

**IT IS SO ORDERED.**

Dated: January 23, 2020

_____
Hon. Dana M. Sabraw
United States District Judge