UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KARPE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ELAINE CHAO, Secretary, and DEPARTMENT OF TRANSPORTATION (FAA),<br><br>　　　　　　　　　　Defendants. | Case No.:  18cv2521-DMS (NLS)<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE TO FILE A JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>[ECF No. 30] |

　　　Before the Court is the parties' joint motion for entry of stipulated deposition protocol. ECF No. 32. For good cause shown, the Court **GRANTS** the motion and enters the following stipulated deposition protocol for the depositions of Plaintiff Kevin Karpe ("Plaintiff") and Andrea L. Anderson, which will be taken by Defendant Elaine Chao, United States Secretary of Transportation, and the Department of Transportation, Federal Aviation Administration (FAA, or United States), by and through his attorneys of record, on November 16-17, 2020 (subject to schedule modifications, if necessary, agreed upon by counsel for both parties):

　　　//

1. The depositions will be conducted by video through the use of a Zoom-based program called Remote Counsel or its equivalent. Throughout the duration of the deposition, the deponent, the deponent's counsel, and Defendant's counsel will be physically located at Shelburne Sherr Court Reporters & Videography, 501 West Broadway, Suite 1330, San Diego, California 92101 or anywhere the deponent can get access to a computer with internet access for the deposition, while counsel for Defendant will be physically located in San Diego County for the deposition. If conducted at Shelburne Sherr Court Reporters & Videography, due to the health risks associated with COVID-19, the parties will be located in separate rooms, and the deposition will be conducted through video conference technology.

2. At least two days prior to the deposition, counsel for the parties will exchange by e-mail a complete list of persons attending the deposition, and attendance at the deposition will be limited to these individuals (excluding any staff from Shelburne Sherr required for the administration of the deposition).

3. Exhibits may be (1) provided in hard copy during or prior to the deposition; (2) uploaded electronically during or prior to the deposition; (3) transmitted to the parties during or prior to the deposition by a file transfer service (*e.g.*, USAfx); or (4) e-mailed to the parties during or prior to the deposition, provided that no email is larger than 25 MB and that no single document is split across multiple emails. Exhibits may be marked during the deposition. The official copies of the exhibits will be provided to the court reporter at the conclusion of the deposition.

4. The deponent shall not bring any documents to the deposition.

5. During the deposition, the deponent, the deponent's counsel, and Defendant's counsel must be on-camera at all times that the deposition is on the record. The court reporter may appear on camera at his or her discretion. All other attendees must be identified on the record but may not be on camera. All other attendees will not speak on the record or otherwise disrupt the deposition, and must keep their audio connection on mute to avoid unintentional noise.

6. Any private communication, such as handwritten notes, telephone, private chat, text message, or other electronic or virtual means, between the deponent and the deponent's counsel is strictly prohibited while the deposition is in session.

7. While the deposition is on the record, no person may communicate with the deponent off the record, except regarding the application of privilege when it is stated on the record that such communications are taking place.

8. Any attorney-client conversations should be held outside the presence of the audio/video interface.

9. Real time transcription will be provided to counsel.

10. In the event the court reporter or stenographer is not physically present in the same room as the deponent, the oath will be administered and the stenographic record will be taken remotely. In lieu of an oath administered in-person, the deponent will orally declare his or her testimony in this matter under penalty of perjury as directed by the remote court reporter.

11. In the event of technological difficulties or other interruptions affecting the deponent, the deponent's counsel, Defendant's counsel, or the court reporter, the deposition shall be suspended for an appropriate length of time. In the event of technological difficulties or other interruptions affecting other attendees (but not the deponent, the deponent's counsel, Defendant's counsel, or the court reporter), the deposition will continue.

12. In the event that progress at the deposition is slowed by technological limitations, the parties may stipulate to extend the deposition beyond seven hours or to resume the deposition the following the day.

13. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at the deposition and such technical issue cannot be remedied in a timely manner, counsel for the parties shall meet, confer, and cooperate with one another regarding the rescheduling of the deposition.

14. In addition to recording deposition testimony by stenographic means, Defendant may record the depositions via video.

15. All objections to the use and admissibility of the transcript or video of deposition taken pursuant to this order based on the fact that the deposition was taken by remote means are deemed waived.

16. Unless otherwise stated, all other rules contained in the Federal Rules of Civil Procedure and the Civil Local Rules govern the deposition.

17. Nothing in this stipulation waives the rights of any Party to seek any appropriate relief from the Court.

**IT IS SO ORDERED.**

Dated: November 5, 2020

Hon. Nita L. Stormes
United States Magistrate Judge