1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

9  KEVIN KARPE,                                    Case No.:  18-cv-2521-DMS-NLS

10                                    Plaintiff,

11  v.                                             **ORDER (1) GRANTING IN PART
                                                   THE PARTIES' JOINT MOTION TO
12  PETER P.M. BUTTIGIEG, Secretary,               VACATE PRETRIAL DEADLINES,
    and DEPARTMENT OF                              (2) DENYING PLAINTIFF'S
13  TRANSPORTATION (FAA),                          COUNSEL'S MOTION TO
                                                   WITHDRAW, AND (3) SETTING AN
14                                    Defendants.   AMENDED BRIEFING SCHEDULE**

15

16          Pending before the Court is Defendants' Motion for Summary Judgment and to

17  Strike.  (ECF No. 35.)  Plaintiff failed to file a brief in opposition to Defendant's motion.

18  Defendant filed a reply in support of the unopposed motion.  (ECF No. 37.)  Also pending

19  before the Court is Plaintiff's counsel's Motion to Withdraw without Substitution.  (ECF

20  No. 39.)

21          The Court held a telephonic status conference on the present matter on May 14,

22  2021.  (*See* ECF No. 39.)  One week later, on May 21, 2021, the parties filed a joint status

23  update informing the Court that the parties were unable to find agreement on the issue of

24  whether to re-open summary judgment briefing in this case.  (ECF No. 40.)  On the same

25  day, the parties also filed a joint motion to vacate the pretrial deadlines set in the Court's

26  scheduling order.  (ECF No. 40.)

27  / / /

28  / / /

**First,** the Court grants in part the parties' joint motion to vacate, and hereby vacates all pretrial deadlines except the June 14, 2021 mandatory scheduling conference, which will occur as scheduled.

**Second,** the Court denies without prejudice Plaintiff's counsel's Motion to Withdraw without Substitution. "An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). A district court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*, No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Metzger v. Imedex, Inc.*, 3:15-cv-1919-GPC(KSC), 2016 WL 5786945, at * (S.D. Cal. Oct. 4, 2016) (citations omitted).

Here, Plaintiff's counsel seeks to withdraw because she accepted a job that does not allow her to litigate cases outside the scope of that new employment. (ECF No. 37.) However, Defendant recently filed a motion for summary judgment in this case. (*See* ECF No. 35.) Plaintiff's counsel admits that Plaintiff is unable to obtain alternate counsel to represent him in this matter. (ECF No. 37.) If the Court allows counsel to withdraw, Plaintiff will be deprived legal representation in opposing Defendant's motion. Furthermore, the Court would be forced to decide the motion without the benefit of full briefing on the relevant issues. Considering these facts, the Court denies Plaintiff's counsel's motion.

**Third,** the Court orders further briefing on Defendant's Motion for Summary Judgment. It is well established that district courts have "inherent power" to control their dockets. *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.1998)); *see*

*also Southern California Edison Co. v. Lynch*, 307 F. 794, 807 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992)).  As such, the Court orders that Plaintiff's counsel shall file a response in opposition to Defendant's motion on or before **June 7, 2021 at 5:00 p.m.**  Defendant may file a reply on or before **June 14, 2021 at 5:00 p.m.**

      **IT IS SO ORDERED.**

Dated: May 24, 2021

Hon. Dana M. Sabraw
United States Chief District Judge